**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| **REBEKAH KATHERINE BREWIS,** | ) | |
| Plaintiff, Pro Se, | ) | **Case No. 1:25-cv-03513** |
| v. | ) | Hon. Sara L. Ellis |
| **PETERSON FARMS FRESH, LLC, et al.,** | ) | |
| Defendants. | ) | |

# PLAINTIFF'S MOTION FOR DISCLOSURE OF COMMUNICATIONS WITH CHAMBERS AND TO UNSEAL

Plaintiff Rebekah Katherine Brewis, appearing pro se, moves this Court, under its authority over its own record, Canon 3(A)(4) of the Code of Conduct for United States Judges, and the public's right of access to judicial records, for an order (1) disclosing on the record any communication from Defendants' counsel to the Court or its chambers concerning this case after October 23, 2025; (2) docketing Defendants' November 27, 2025 e-mail submission to chambers; (3) unsealing the materials sealed by the Court's June 22, 2026 order (Dkt. 77), except Plaintiff's medical and health information, or stating the reasons for sealing each item; and (4) clarifying one page range in that order. In support, Plaintiff states as follows.

## I. BACKGROUND

1. On October 23, 2025, this Court dismissed this action pursuant to the parties' stipulation (Dkt. 61), following a settlement agreement executed in October 2025 (the "Agreement").

2. The same day, the Court granted in part and denied in part the parties' October 13, 2025 Joint Motion to Seal Docket (Dkt. 58). It required the parties to "submit to the Court's proposed order email their request to seal specific entries on the docket with a justification of sealing directed to those specific entries." (Dkt. 61.) The filings in this case remained publicly available.

3. On November 27, 2025, Defendants submitted a sealing request "via email to the Court's chambers." (Dkt. 75 at 1 n.1.) That submission does not appear on the docket, and nothing on the docket reflects that it was served on Plaintiff.

4. On February 27 and March 3, 2026, Plaintiff moved under Rule 60(b) to reopen the action and to set aside the Agreement (Dkts. 62–69). Defendants responded on March 20, 2026 (Dkt. 71). Plaintiff also filed supplemental papers (Dkts. 70, 72–74).

5. On June 16, 2026, Defendants moved to seal specific docket entries, renewing their November 27, 2025 request (Dkt. 75 at 1 & n.1), and noticed the motion for presentment on Tuesday, June 23, 2026, at 9:45 a.m. (Dkt. 76).

6. On June 22, 2026, the day before that presentment date and before any response from Plaintiff, the Court entered an order that denied Plaintiff's motions (Dkts. 62–69, 72–74), granted the motion to seal, struck the June 23 presentment, and stated no reasons for sealing (Dkt. 77). The order sealed ECF Nos. 62 through 74 in their entirety (PageID.810–1843), including Defendants' own response (Dkt. 71), together with specified pages of ECF Nos. 1, 4, 23, 39, 51, 53-1, 55, and 57, all of which had been public since they were filed.

7. The order lists "ECF No. 39, PageID.261–289." Page identification numbers run in filing order, and the order itself places ECF No. 4 at PageID.245–246 and ECF No. 23 at PageID.313–314. A range of PageID.261–289 therefore falls between those two entries and cannot correspond to ECF No. 39, which as filed bears PageID.408–596.

8. On July 13, 2026, Defendant Aaron Peterson filed a breach-of-contract action on the Agreement in this District, *Peterson v. Brewis*, No. 1:26-cv-08239, whose civil cover sheet designated it under Local Rule 40.3(b)(2) as a refiling of this case before Judge Ellis. The Clerk assigned it to Judge Daniel, and Mr. Peterson dismissed it voluntarily on July 20, 2026. On July 22, 2026, he filed the same claim in the Circuit Court of Cook County, *Peterson v. Brewis*, No. 2026 CH 06988.

9. On October 2, 2026, at a hearing in the Cook County action before the Honorable Michael T. Mullen, Mr. Peterson's counsel, Michael J. Grant, reported to the court that Mr. Peterson's counsel had approached this Court's chambers in an attempt to have this Court enforce the Agreement, and that they were told the Court could not do so. Plaintiff's declaration of what was said is attached as Exhibit A.

10. In a written answer on October 19, 2026, Mr. Grant stated that his October 2 comment referred to the civil cover sheet his firm filed in No. 1:26-cv-08239, and to a conversation one of the firm's legal assistants had with the Clerk's Office on or about July 13, 2026 about Section X of that cover sheet, which he said did not involve Judge Ellis or her chambers. A conversation with the Clerk's Office about a cover-sheet designation does not account for his statement to Judge Mullen that counsel were told the Court could not enforce the Agreement. Mr. Grant did not state whether Defendants oppose disclosure, and Mr. Doyle and Mr. Youngdahl did not respond.

## II. GROUNDS

### A. Disclosure

11. Canon 3(A)(4) of the Code of Conduct for United States Judges provides that a judge should not initiate, permit, or consider ex parte communications concerning a pending or impending matter; that the restriction extends to communications from lawyers; and that a judge

who receives an unauthorized ex parte communication bearing on the substance of a matter should promptly notify the parties of its subject matter and allow them an opportunity to respond.

12. The record now shows at least one communication to chambers that was never docketed: Defendants' November 27, 2025 e-mail request to seal (Dkt. 75 at 1 n.1). The Court directed sealing requests to its proposed-order e-mail, but a request to remove filings from public view bears on the substance of the case, and nothing on the docket shows that Plaintiff received it. Docketing that submission, and any response to it, puts on the record what the Court acted on when it granted sealing on June 22, 2026.

13. A request that this Court enforce the Agreement also bore on the substance of this case. The Agreement's enforceability was the question Plaintiff's Rule 60(b) motion placed before the Court, and enforcement of the Agreement was relief this Court could not grant after a dismissal that neither reserved jurisdiction nor incorporated the Agreement. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Whether any communication preceded the Court's June 22, 2026 ruling is a fact known to the Court and to Defendants' counsel, and not to Plaintiff.

14. The Court's own case procedures provide that neither counsel nor pro se litigants may communicate about a case by letter, and that all communications must be made in the form of a motion, brief, or status report, properly noticed and served on the opposing party. Plaintiff has followed that procedure here.

**B. Unsealing**

15. Documents that influence or underpin a judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). A request to seal must analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. *Id.* at 548. Calling a settlement confidential does not make it a trade secret. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

16. This Court applied that standard on October 23, 2025, when it denied wholesale sealing and required a justification directed to each specific entry (Dkt. 61). The June 22, 2026 order states no justification for any item. It was entered before Plaintiff could respond, and it sealed Plaintiff's Rule 60(b) motion and supplements, the very papers the Court decided the same day. Those filings underpin the Court's ruling and are presumptively public.

17. Defendants' stated ground is Plaintiff's own personal information. That privacy interest belongs to Plaintiff, and Plaintiff, the person it protects, asks that the record be opened, except her medical and health information, which she asks remain sealed. Plaintiff joined the October 13, 2025 motion, but the Court granted that motion only in part and required a specific justification for any further sealing, which the June 22, 2026 order does not supply.

## C. Clarification

18. Because the range the order gives for ECF No. 39 (PageID.261–289) lies within the pages of earlier entries, Plaintiff asks the Court to state which pages of which entry it intended to seal, so that the public record is accurate.

## III. MEET AND CONFER

19. Plaintiff conferred in writing because of her disability-related communication needs, which she raised in her June 11, 2025 motion for an extension of time and reasonable accommodations under the Americans with Disabilities Act (Dkt. 34), granted on June 12, 2025 (Dkt. 38). On October 16, 2026, she asked all counsel of record whether they oppose disclosure and asked them to state the particulars of any communication with chambers; Mr. Grant's October 19 answer is described in paragraph 10. On October 27, 2026, she asked all counsel whether they oppose the docketing and unsealing relief requested here and asked for a copy of the November 27, 2025 submission. She asked for their positions by 12:00 p.m. Central Time on October 30, 2026, and as of the date of this motion no counsel has stated a position.

**IV. APPEARANCE**

20. Consistent with the Court's standing notice that noticed motions proceed by telephone, Plaintiff will appear on the Court's teleconference line at the presentment of this motion.

**CONCLUSION**

WHEREFORE, Plaintiff Rebekah Katherine Brewis respectfully requests that this Court enter an order:

A. Stating on the record whether any attorney or representative of Defendants, or any person acting on their behalf, communicated with the Court or its chambers concerning this case or enforcement of the Agreement at any time after October 23, 2025, and if so, the date of each communication, the persons involved, the means used, the substance of the request, and the Court's or chambers' response;

B. Directing counsel for Defendants to file, within seven days, a statement under oath identifying each such communication with the same particulars;

C. Directing that Defendants' November 27, 2025 e-mail submission to chambers, and any response to it, be docketed;

D. Vacating the sealing provisions of the June 22, 2026 order (Dkt. 77) and unsealing the materials it sealed, except Plaintiff's medical and health information, or, in the alternative, stating the reasons for sealing each item;

E. Clarifying the page range the June 22, 2026 order lists for ECF No. 39;

F. Permitting Plaintiff to appear by telephone at the presentment of this motion; and

G. Granting such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Rebekah K Brewis, *Pro Se*

Aeroswift Legal Consultants

1001 Wilshire Boulevard, PMB 2107

Los Angeles, California 90017

Telephone: (224) 347-4404

Email: owner@aeroswift.org

Dated: November 2, 2026

## CERTIFICATE OF SERVICE

I, Rebekah K Brewis, hereby certify that on November 2, 2026, I caused a true and correct copy of the foregoing to be served upon all counsel of record via the Court's CM/ECF electronic filing system, which will send notification of such filing to the following:

/s/ Rebekah K Brewis, *Pro Se*

***Counsel for Defendants:***

Brion B. Doyle
Neil E. Youngdahl
VARNUM LLP
333 Bridge Street NW, Suite 1700
Grand Rapids, Michigan 49504
bbdoyle@varnumlaw.com
neyoungdahl@varnumlaw.com

Michael J. Grant
John H. Andreasen
TABET DIVITO & ROTHSTEIN, LLC
209 South LaSalle Street, 7th Floor
Chicago, Illinois 60604
mgrant@tdrlawfirm.com
mgrant@tdrlaw.com
jandreasen@tdrlaw.com